IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BERNARD MILLER,

    Plaintiff,

v.

TERESA L. SMITH, Superintendent,

    Defendant.

CIVIL ACTION NO.: CV508-065

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Southwest Probation Detention Center in Moultrie, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983 contesting certain conditions while he was housed at the Bacon Probation Detention Center in Alma, Georgia. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends Defendant Teresa Smith, the Superintendent at the Bacon Detention Center, destroyed a letter he wanted to send to this Court's Clerk's Office. Plaintiff requests this Court to file charges against Defendant Smith for violating the "mail code". (Compl., p. 6). Plaintiff seeks compensation for his stamp and envelope. (Id.) Plaintiff seemingly asserts that Defendant Smith's actions denied him access to the courts.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds

v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003).

Plaintiff's bare allegations do not rise to the level of stating a constitutional violation. Plaintiff makes no indication as to the contents of the allegedly destroyed letter. In addition, Plaintiff sets forth no factual assertions whatsoever indicating that he attempted to correspond with this Court concerning a pending (or soon to be pending) cause of action. In short, Plaintiff has failed to state a claim that Defendant Smith violated his constitutional rights.

In a letter written to the Court after he filed his Complaint, Plaintiff asserts "officers" are harassing him and are trying to retaliate against him. (Doc. No. 6, p. 1). However, Plaintiff makes no specific allegations against specifically named officers, and thus, Plaintiff's retaliation claim should fail. See Fed. R. Civ. P. 8(a) (stating that a plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief."). In addition, Plaintiff's retaliation claim is not related to the claim he set forth in his Complaint, and the Court will not allow the joinder of unrelated claims. A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). If Plaintiff believes his constitutional rights have been violated during his

confinement in Moultrie, he may file a complaint in the Middle District of Georgia after he has exhausted his administrative remedies.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** due to his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 29th day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE